The PEOPLE of the State of
Colorado, Complainant,

v.

William V. CULPEPPER,
Attorney-Respondent.

No. 81SA27.

Supreme Court of Colorado,
En Banc.

April 26, 1982.

Philip A. Harley, Deputy Disciplinary Prosecutor, Denver, for complainant.

Kim L. Morris, Denver, for attorney-respondent.

ERICKSON, Justice.

This disciplinary proceeding is presented to us in the form of a stipulation, agreement, and an offer to surrender license which contains findings of fact, conclusions, and recommendations of the Grievance Committee. The stipulation which the Grievance Committee and the respondent, William V. Culpepper, and his counsel have tendered contains admissions of misconduct which would have prevented the respondent from qualifying to take the Colorado bar examination and from being admitted to the bar on October 17, 1980. For the reasons stated in this opinion and because of the sanctions which have been agreed to by the respondent, we approve the stipulation.

Respondent secured his admission to the University of Denver Law School with his submission of a false and fraudulent transcript from the University of Akron which declared that the respondent graduated with a bachelor of arts degree magna cum laude, when in truth and in fact, the respondent was not a graduate of the University of Akron. The respondent, however, did attend the University of Akron for three years. Needless to say, the respondent was guilty of a base misrepresentation when he obtained admission to the University of Denver Law School by the use of a transcript which reflected that he had taken courses and obtained a degree with honors when in fact he was not qualified for admission.

Thereafter, the respondent was graduated from the University of Denver Law School in August 1978. He then sought admission to the Colorado bar and filed a pre-law certificate to establish his scholastic qualifications which contained the information relating to his undergraduate education at the University of Akron. The respondent acknowledges that neither the authenticating signature and the seal, nor the information contained in the transcript which he submitted is genuine or accurate. The respondent used a false transcript to obtain admission to law school and sought to mislead this Court by submitting the same transcript to qualify for admission as a member of the bar of this Court.

The respondent's conduct constitutes a violation of DR 1–101(A) of the Code of Professional Responsibility which provides: "A lawyer is subject to discipline if he has made a materially false statement in, or if he has deliberately failed to disclose a material fact requested in connection with, his application for admission to the bar." He also disregarded DR 1–102(A)(4) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation) and conducted himself in a manner which reflects on his fitness to practice law, DR 1–102(A)(5) and (6).

The respondent's conduct is contrary to the high standards of honesty, justice, and morality required for lawyers and violated Rule 241.6(3), C.R.C.P. The respondent's license to practice law, with the consent of the respondent, remains in the custody of the Clerk of the Supreme Court and will not be delivered to him. Moreover, the respondent will never be entitled to apply for reinstatement pursuant to Rule 241.22, C.R.C.P., since he was not qualified to take the bar examination in the first instance. He has agreed that he will not apply for admission to the bar of the State of Colorado before January 1990 and has recognized that if he should apply for admission to the Colorado bar, the facts which gave rise to this disciplinary complaint, and this stipulation, may be considered by the Board of Law Examiners. In addition, the surrender of the license pursuant to Rule 241.18, C.R.C.P., is not confidential and will be made

known to the National Disciplinary Data Bank for dissemination on a national basis to other agencies who license attorneys.

Respondent has agreed that his admitted misconduct requires that his admission to the Colorado bar be voided. Since the respondent has not practiced law, and admittedly has no clients, it is not necessary that we mandate that he give notice to his clients pursuant to Rule 241.21(b) C.R.C.P.

Accordingly, the name of William V. Culpepper is stricken from the role of attorneys licensed to practice law in Colorado. Respondent is ordered to pay costs in the amount of $89.60 within sixty days to the Clerk of the Colorado Supreme Court.